IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 13-95-BLG-SPW |
| --- | --- |
| Plaintiff/Respondent, | CV 18-42-BLG-SPW |
| vs. | ORDER RECHARACTERIZING AND DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| MARTIN SHANE WADDINGHAM, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant Waddingham's motion seeking credit against his federal sentence for time served in state custody. He asks the Court to cause the federal sentence to commence on the date of his federal sentencing hearing and to ensure he receives credit for "any presentence confinement time." Mot. (Doc. 47) at 3.

On February 27, 2018, Waddingham was advised that his motion would be recharacterized as a motion under 28 U.S.C. § 2255. He was also given an opportunity to withdraw the motion or add claims for relief. *See* Order (Doc. 48) at 2; *Castro v. United States*, 540 U.S. 375, 377 (2003). Waddingham did not respond. Consequently, the motion is recharacterized as a motion under 28 U.S.C. § 2255.

On May 10, 2018, the United States was ordered to show how the Federal

1

Bureau of Prisons ("BOP") was calculating Waddingham's sentence. It complied on May 15, 2018. The computation was performed on July 11, 2017, but is current as of May 15, 2018. *See* BOP Computation (Doc. 50-1) at 3 ("as of 05-15-2018").

## I. Background

On October 18, 2013, Waddingham was indicted on one count of being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1). Seven and a half months later, on May 30, 2014, the United States obtained a writ of habeas corpus *ad prosequendum* to bring Waddingham into federal court. Waddingham made his first appearance in this Court on June 6, 2014. *See* Indictment (Doc. 1); Mot. for Writ (Doc. 7); Writ (Doc. 9); Minutes (Doc. 11); Return on Warrant (Doc. 15). He pled guilty on October 15, 2014. *See* Mot. to Change Plea (Doc. 21); Minutes (Doc. 25).

At the time of sentencing, Waddingham was still facing drug charges in two state cases. *See* Presentence Report ¶¶ 49, 50. On the federal conviction, his advisory guideline range was 46 to 57 months. On March 18, 2015, Waddingham was sentenced to serve 46 months in prison, to be followed by a three-year term of supervised release. *See* Judgment (Doc. 36) at 2-3; Statement of Reasons (Doc. 37) at 1 ¶ III.

After Waddingham was sentenced in this Court, he returned to state pretrial status in Yellowstone County. On April 28, 2016, the Honorable Rod Souza

sentenced Waddingham to five years in one of the state drug cases and five years in the other, consecutive to each other. Judge Souza ordered state authorities to view the state sentences as concurrent with the federal sentence. *See* DC 13-0523 Judgment (Doc. 47-1) at 2; DC 13-0912 (Doc. 47-2) at 2.

After Waddingham was sentenced in state court, he was transported to a state facility to begin serving the total ten-year state sentence. On January 6, 2017, he was paroled to the federal sentence. *See* Mot. § 2255 (Doc. 47) at 2; Montana Bd. of Pardons and Parole Final Dispositions (Jan. 2017) at 24, *available at* bopp.mt.gov/Dispositions (accessed May 9, 2018). The Federal Bureau of Prisons deems the date of his parole to be the date that Waddingham was "received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Accordingly, his federal sentence commenced on that date. *See* BOP Computation (Doc. 50-1) at 3 ("Date Computation Began").

With credit for good conduct, Waddingham is projected to discharge his 46-month federal prison term on May 4, 2020. *See id.* He will then serve the three-year term of supervised release. *See* Judgment (Doc. 36) at 3.

### III. Analysis

#### A. Waddingham's Claim

Waddingham asserts that the problems he seeks to remedy occurred when

3

"the state failed to 'promptly' and 'immediately' return Mr. Waddingham to federal custody to continue his federal sentence" on April 28, 2016, after his state sentencing hearing. Mot. (Doc. 47) at 1. He is mistaken.

"Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980). "When an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum*[,] he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991). "[T]he temporary transfer of a prisoner from state prison to the BOP's custody for purposes of federal prosecution does not interrupt his state custody." *Schleining v. Thomas*, 642 F.3d 1242, 1243 n.1 (9th Cir. 2011); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 566 U.S. 231, 244 (2012)).

A Montana Highway Patrol officer arrested Waddingham on April 21, 2013. *See* Presentence Report ¶ 49. Counsel represented that Waddingham was released on bond and arrested again by a different MHP officer on November 4, 2013. *See* Sentencing Tr. at 4:17-19. The November 4 arrest established the State's priority of jurisdiction.

Waddingham was in custody pursuant to the State arrest when federal

authorities executed the federal *ad prosequendum* writ by arresting him on the federal indictment and warrant. The State of Montana retained primary jurisdiction over him throughout the course of the federal proceedings. Consequently, the State did not err by keeping Waddingham in its custody after his state sentencing hearing, nor did federal authorities err by not going to get him. Not until Waddingham was paroled to the federal sentence did federal authorities have custody of him.

B. *Strickland* Claim

Waddingham might still obtain relief if he could show that unreasonable performance by defense counsel resulted in a longer stay in prison. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). While counsel could have asked that Waddingham's federal sentence run concurrently with a sentence that might be imposed in the future, *see Setser v. United States*, 566 U.S. 231, 244 (2012), it was not unreasonable not to do so. Four factors are important.

First, 18 U.S.C. § 3584(a) "does not cover the situation" when a defendant facing federal sentencing may, at a later date, receive another sentence. *See Setser*, 566 U.S. at 234-35. The statute does not require the BOP to deem a later-imposed sentence to be consecutive to the federal sentence, nor does it support an inference that the sentencing court's silence on the issue means the federal sentence should be consecutive to the later sentence.

5

Second, a defendant who appears in federal court on a writ and is still in state custody will serve any later-imposed state sentence first, on terms set by the state court. The state judge might make the state sentence consecutive to the federal sentence, even if the federal court states an intention to make the federal sentence concurrent to the state sentence. *See Setser*, 566 U.S. at 241 (quoting *Oregon v. Ice*, 555 U.S. 160, 170 (2009)).

Third, the BOP must "designate the place of the [federal] prisoner's imprisonment." 18 U.S.C. § 3621(b); *see also Setser*, 566 U.S. at 235. In making this designation, the BOP considers "any statement by the court that imposed the sentence concerning the purposes for which the sentence . . . was determined to be warranted." 18 U.S.C. § 3621(b)(4)(A) (internal punctuation altered); *see also* Sentencing Tr. (Doc. 166) at 21:9-26:10 (stating reasons for sentence). "The BOP has interpreted this statute," 18 U.S.C. § 3621(b), "as authorizing it to issue a *nunc pro tunc* order designating a state prison as the facility for service of a federal sentence." *Reynolds v. Thomas*, 603 F.3d 1144, 1150 (9th Cir. 2010), *overruled on other grounds by Setser*, 566 U.S. at 244. If the BOP makes a *nunc pro tunc* designation, a federal sentence is in effect concurrent with the state sentence.

Finally, in Waddingham's case, counsel's request for a downward variance, *see* Sentencing Tr. (Doc. 43) at 13:19-14:4, 15:13-17, and his suggestion that Waddingham was only carrying a gun out of personal despair, *see id.* at 15:18-21,

6

were both rejected, *see id.* at 22:1-22, 24:13-20. A reasonable attorney could have believed his client would be better off with a silent federal judgment, rather than taking the risk that the federal sentence might be made consecutive or partially consecutive to a later-imposed sentence.

Under all the circumstances, Waddingham cannot show that counsel's failure to request a concurrent sentence was unreasonable. The first prong of the *Strickland* test is not met. The Court notes that it is still possible the BOP will respect Judge Souza's intent and retroactively designate Waddingham's state facility as the place where he began serving his federal sentence. *See, e.g.*, 18 U.S.C. § 3621(b); *Setser*, 566 U.S. at 235; *cf. also* U.S. Dep't of Justice BOP Program Statement 5160.05 ¶ 9(b)(4) (Jan. 16, 2003), *available at* https://www.bop.gov/PublicInfo/execute/policysearch?todo=query (accessed June 5, 2018). If Waddingham has not pursued this option, he might consider it. But the decision is the BOP's, not the sentencing court's.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Waddingham has not made a substantial showing that counsel's failure to request a concurrent sentence deprived him of a constitutional right. Reasonable jurists would not encourage further proceedings.

Accordingly, IT IS HEREBY ORDERED:

1. Waddingham's motion for credit for time served (Doc. 47) is RECHARACTERIZED as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

2. So recharacterized, the motion is DENIED.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Waddingham files a Notice of Appeal.

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-42-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Waddingham.

DATED this 7th day of June, 2018.

Susan P. Watters
United States District Court